GOETZ, Trustee in bankruptcy, Respondent, vs. HARTFORD
FIRE INSURANCE COMPANY and others, Appellants.

*September 13—October 11, 1927.*

*Insurance: Against loss due to suspension of business caused by fire.*

A clause in an insurance policy which provided for payment
of the "actual loss sustained" from a total or partial suspen-
sion of business, consisting of net profits of the business
and fixed charges which must necessarily continue, will not
authorize a recovery where, had no fire occurred, the busi-
ness would have been operated at a loss.

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

January 31, 1924, the six several defendants each issued
its separate policy of insurance, all with riders of similar
tenor, to the A. H. Peterson Manufacturing Company, a
Wisconsin corporation doing business in the city of Mil-
waukee and having buildings, machinery, and equipment for
the manufacture of electric drills.

April 20, 1924, the insured property was damaged by fire.
In June, 1924, plaintiff, upon due proceedings, became trus-
tee in bankruptcy of the said company.

This action was brought to enforce liability of the several
defendants upon their respective policies, and it was deter-
mined upon the trial by special verdict, concerning which
no question is here raised, that the production of goods by
the Peterson Company would have been necessarily sus-
pended following and consequent upon the fire for a period
of forty-nine days; that such company would have derived
no net profit on the production of goods by it during such
period if there had not been such suspension of business;
and that if the production of goods had continued during
such period there would have been a consequent loss of
$4,062.64; that the several items of fixed charges pertain-
ing to the production of goods and expenses pertaining to

the production thereof which were necessarily continued during such forty-nine days, including interest, taxes, depreciation, wages, etc., aggregated $3,820.30. For such amount, less $126 for unpaid premiums, each defendant was adjudged to pay one sixth. Defendants appeal.

For the appellants there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *James D. Shaw*.

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish,* of counsel, all of Milwaukee, and oral argument by *Mr. Fish*.

ESCHWEILER, J. The liability of the defendants is dependent upon the riders, parts of their respective insurance policies, each such rider being therein described as "Use and Occupancy Form," and as insurance "on the use and occupancy of . . . buildings, machinery, and equipment situated on" certain described real property.

The clause upon which, if at all, the liability must be predicated reads as follows:

"The conditions of this contract are that if the buildings described above, and machinery and equipment contained therein, be destroyed or damaged by fire occurring during the term of this policy so as to necessitate a total or partial suspension of business, this company shall be liable under this policy for the *actual loss sustained* consisting of net profits on the business which is thereby prevented, and such fixed charges and expenses pertaining thereto as must necessarily continue during a total or partial suspension of business and such expenses as are necessarily incurred for the purpose of reducing the loss under this policy, for not exceeding such length of time . . . as shall be required with the exercise of due diligence and dispatch to rebuild, repair, or replace such part of said buildings, and machinery and equipment as may be destroyed or damaged, subject," etc.

It is not questioned but that at least two separate and distinct elements are recognized in this provision of the con-

tract which may go to make up the "actual loss sustained," to indemnify for which the defendants undertook, namely, one of "net profits" and the other of "fixed charges and expenses." The element of "net profits" drops from this case, the jury having found that none such would have been made during the same period if no such suspension had occurred.

From the consideration of the situation of the business of the insured prior to the fire, the jury reached the unchallenged conclusion that had no fire intervened and the business continued during the forty-nine days there would have been not only no profits made but a loss sustained of $4,062.64, an excess over the fixed charges and expenses of $3,820.30 during the same period. The insured having suspended business, it avoided, of course, such loss of over $4,000 with its consequent depletion of assets or additional liabilities to that extent.

The respondent contended, and the trial court agreed, that the liability under the policy was not dependent upon whether the fixed charges and continuing expenses would have been earned or not and that such was therefore an absolute liability as to these items. The appellants contended that inasmuch as it appeared that had there been no fire and the business continued during the forty-nine days, the insured could not have earned sufficient to have paid these fixed charges and continuing expenses; that therefore there was no "actual loss" sustained by the insured within the terms of the policy, for as it could not have received from the conduct of the business anything to be devoted to the payment of such fixed charges and continuing expenses, it could not properly be considered as having lost such sum which it could not have had, fire or no fire.

A consideration of the clause quoted above and other conditions on the rider, particularly the phrase therein often recurring "actual loss sustained," convinces us that the liability assumed was such that it is incumbent upon the in-

sured, in seeking to recover, to show that by reason of the fire's interruption to the use and occupancy of the insured property, not merely that there were certain fixed charges and continuing expenses going on during the period of the suspension of business, but that such suspension took away something by which such fixed charges and expenses could have been met or discharged. Under the verdict here, the insured, had there been a continuance of the business during the forty-nine days, could not during the period have earned sufficient to meet such required sum and cannot properly be said to have sustained the actual *loss* of an amount it concededly could not have had.

To hold as respondent contends would place under such a rider the suspension of a business enterprise, run at a profit and making sufficient with which to meet these fixed charges, in exactly the same situation as to the amount of recovery as an enterprise, as in the case here, which would be run at a substantial loss during the same period. The actual loss in the former instance would be of a substantial thing, of which the fire would have deprived the insured, for at the end of such a period the profitable concern would necessarily, if the business had continued, have had on hand a sum sufficient to meet such fixed charges. In the latter and instant case, had there been no fire and the business had continued, the insured would have increased its liabilities to the extent of the $4,062.64 loss it would have incurred in so running the business, and still would have had, just the same as now, these items of fixed charges and continuing expenses of $3,820.30 to meet. The suspension of business, therefore, made no change in the real situation so far as the possibility of paying for the fixed charges is concerned, although it did obviate the making of the $4,000 loss and such a consequent increase in its liabilities.

It is clear that the policy is not to indemnify against *liabilities* necessarily incurred during such suspension period. In order, therefore, that a liability incurred during such

period shall be within the indemnity, it is necessary to show that but for the fire the insured could have made or obtained the wherewithal to meet such particular liability. Otherwise it has sustained no "actual loss." In regard to these items its position would be the same, fire or no fire. The insured, therefore, not having been deprived, by reason of the fire, of the means or possibilities of making or obtaining that with which it could have paid the "fixed charges and continuing expenses," it has not sustained the "actual loss" of such sum or any part of it, and there can be no proper claim for indemnity under the riders in question.

The cases cited and others touching on the subject of such a "use and occupancy" form of insurance are not in point nor applicable upon such a situation as we have here presented, where the suspension prevented a further loss rather than being the interruption of a gain, and a discussion of such cases would not be helpful. Among such are *Stuyvesant Ins. Co. v. Jacksonville Oil Mill*, 10 Fed. (2d) 54; *Wilson & Toomer F. Co. v. Automobile Ins. Co.* 283 Fed. 501; *Michael v. Prussian Nat. Ins. Co.* 171 N. Y. 25, 63 N. E. 810.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.